UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THAO T. LE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>US BANK, et al.,<br><br>    Defendants. | Case No. 5:18-cv-05648-EJD<br><br>**ORDER REMANDING CASE** |

The instant action was removed to this court by Defendant Trans Union, LLC on the ground "there is a federal question" because "this suit falls within the FCRA, which thus supplies this federal question." But after reviewing the Complaint, the court was left with serious doubt that Plaintiffs' causes of action do, in fact, fall within the FCRA or otherwise implicate a substantial federal question. The court therefore ordered Trans Union to show cause why the action should not be summarily remanded. Dkt. No. 18. Trans Union responded to the order by filing an amended Notice of Removal. Dkt. No. 19. The court now examines that document to determine whether Trans Union has adequately established a basis for subject matter jurisdiction. See Henderson v. Shinseki, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); see also Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal."). It still has not.

As the court previously noted, none of Plaintiff's causes of action are alleged to arise under

Case No.: 5:18-cv-05648-EJD
ORDER REMANDING CASE

1

federal law; in fact, the allegations relevant to this issue suggest otherwise. And Trans Union acknowledges that Plaintiff's claims need not be created solely by the FCRA, but could instead arise equally under related state statutes, such as the California Consumer Credit Reporting Agencies Act. The use of an "etc." in the list of laws on which the Complaint is potentially based does not alter the analysis, because it does little to confirm that Plaintiffs intended to plead a federal question and does not assuage the presumption against federal jurisdiction. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.").

Nor does Plaintiffs' letter assist Trans Union in demonstrating the presence of a federal question. Assuming without deciding the letter is incorporated by reference into the Complaint, the significance and purpose of the one citation to 15 U.S.C. § 1681 et seq., buried in a twelve-page document, is not apparent. Notably, however, the same reference did not make its way into the Complaint. It therefore remains unclear from the face of the pleading whether there is a federal question. See Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).

In sum, the amended Notice of Removal does not dispel the significant doubt that a right to removal exists. Given the "need for careful judgments about the exercise of federal judicial power in an area of uncertain jurisdiction" (Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 814 (1986)), the court finds that it lacks subject matter jurisdiction over this action. The Clerk shall therefore remand the case to Santa Clara County Superior Court and close the file.

**IT IS SO ORDERED.**

Dated: September 28, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-05648-EJD
ORDER REMANDING CASE

2